## North Chicago Street Railroad Co. v. Mary Gillow.

1. APPELLATE COURT PRACTICE—*Record Must Control.*—In actions for personal injuries, this court must, as in all other cases, deal with the matters presented by the record.

Trespass on the Case, for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. HENRY V. FREEMAN, Judge, presiding. Heard in this court at the March term, 1896. Affirmed. Opinion filed June 11, 1896.

### STATEMENT OF THE CASE.

This was an action by Mary Gillow to recover damages for injuries alleged to have been sustained by reason of the negligence of the North Chicago Street Railroad Company.

The declaration alleges that the defendant was a passenger on one of the defendant's Chicago avenue cars on the 27th day of January, 1892; and that when the car in which the plaintiff was riding reached the corner of Chicago ave-

nue and Center avenue, plaintiff signaled the conductor in charge of the car to stop the same so that she might alight; that the defendant stopped its car, and while the plaintiff in the exercise of due care was attempting to alight, the defendant carelessly and wantonly started the car with a violent jerk, thereby throwing plaintiff from the said car to the ground; that in consequence she was severely bruised and internally injured, and still suffers from the effects of the said injuries, and in consequence has been unable to attend to her usual business and affairs, etc.

At the trial the jury found a verdict in favor of the plaintiff for $3,750; on motion for new trial made by the defendant, a new trial was granted. On the second trial the jury again found a verdict in favor of the plaintiff, and assessed her damages at $3,533. Judgment was entered on this verdict, and the defendant then moved to set aside the judgment, which motion was allowed. The defendant then moved for a new trial; whereupon the plaintiff remitted $533, and the court having entered judgment for the balance, the defendant prosecutes this appeal.

EGBERT JAMIESON and JOHN A. ROSE, attorneys for appellant.

JOHN F. WATERS, attorney for appellee.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

It is true that this case, as appellant says, indicates the possibility of fraud in the presentation of claims against street railroad companies in large cities; and we might add that it seems strange that appellant received no notice of the accident until this suit was brought; we have, however, in this, as in all other cases, to deal with the matters presented by the record, and not so much with what is possible in this or any other case, as with what is probable and has been proven in the suit under consideration.

Under the circumstances, the only evidence of the ac-

cident is that brought forward by the plaintiff; this is to some degree conflicting, but not so much so as to indicate a feigned accident and injury.

Two trials having been had, appellant had ample opportunity to discover and present the truth.

Complaint is made that counsel for the plaintiff upon the trial continually asked of the plaintiff leading questions. The abstract does not show any such questions. Counsel for plaintiff was guilty of making, during the trial, an improper remark, for which he should have been censured by the court.

We fail to find in the record anything warranting a reversal of the judgment, and it is affirmed.